UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| CHERYL DALTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:15-cv-00162-RLY-MPB |
| | ) | |
| TEVA NORTH AMERICA, TEVA WOMEN'S HEALTH, INC., TEVA CLINICAL RESEARCH INC., TEVA NEUROSCIENCE INC., TEVA SALES AND MARKETING, TEVA WOMEN'S HEALTH SALES CORPORATION, BIOCRAFT LABORATORIES INC., TEVA PHARMACEUTICALS USA, INC., and JOHN DOES (1 THROUGH 5), | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Cheryl Dalton, alleges that she suffered personal injuries as a result of her use of a ParaGard® T 380A Intrauterine Copper Contraceptive ("IUD"). Specifically, she maintains that she experienced pain, discomfort, and excessive bleeding a few years after the IUD was inserted. A physician attempted to remove it, but the entire product could not be successfully removed. According to Plaintiff, a small piece of the IUD remains embedded in her uterus, and it continues to cause her pain. The fragment can only be removed via a hysterectomy.

Her Amended Complaint sets forth three counts: (1) "Strict Liability," (2) "Strict Products Liability Failure to Warn," and (3) "Manufacturer's Defect." Each count falls under Indiana's Product Liability Act ("IPLA"), as the Act "governs all actions that are:

1

(1) brought by a user or consumer; (2) against a manufacturer or seller; and (3) for physical harm caused by a product; regardless of the substantive legal theory or theories upon which the action is brought." Ind. Code § 34-20-1-1. *See Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 809 (Ind. 2007) ("[The IPLA] imposes liability upon sellers of a product in a defective condition unreasonably dangerous to any user or consumer.").

To succeed on her claims, Plaintiff must prove proximate causation–i.e., that the IUD's alleged defect proximately caused her injury. *Kovach v. Midwest*, 913 N.E.2d 193, 197 (Ind. 2009). Expert testimony is required in product liability cases to prove causation unless the case contains uncomplicated facts that lead to only one logical conclusion. *See Hartman v. EBSCO Indus.*, 758 F.3d 810, 818 (7th Cir. 2014) ("Under Indiana law, expert testimony is required in order to show a design defect where the defect's existence depends on matters beyond the common understanding of lay jurors."); *Cansler v. Mills*, 765 N.E.2d 698, 706 (Ind. Ct. App. 2002) ("Expert testimony is not always required to establish an element of a products liability action if there is sufficient circumstantial evidence within a lay person's understanding that would constitute a basis for a legal inference and not mere speculation."). *But see Tucker v. SmithKline Beecham Corp.*, 701 F. Supp. 2d 1040, 1047 (S.D. Ind. 2010) ("[I]n pharmaceutical cases, expert testimony is required to prove a causal connection between the drug and its alleged effects."); *Hannan v. Pest Control Servs.*, 734 N.E.2d 674, 679 (Ind. Ct. App. 2000) ("[Q]uestions of medical causation of a particular injury are questions of science necessarily dependent on the testimony of physicians and surgeons learned in such matters.").

Defendants move for summary judgment, arguing that Plaintiff has failed to designate any experts on the issue of causation. Plaintiff responds that this is a case that does not require expert testimony. She essentially claims that after the jury hears her treating physicians describe the attempted removal of the IUD, sees the x-rays of the portion of the IUD that remains embedded in her uterus, and reviews her medical records, they will be able to impose liability without any speculation. The court disagrees. None of this evidence addresses the key question–whether an alleged defect in the IUD caused Plaintiff's injuries. The jury would be required to speculate as to whether her pre-removal symptoms of bleeding and discomfort were caused by a defect in the IUD, improper use of it, a mistake in the placement procedure, or something else. Additionally, a juror would have no evidence to help him decide whether the break in the IUD was caused by a mistake in the placement procedure, a mistake in the removal procedure, a defect in the product, or perhaps none of those. There are similar concerns with the cause of her post-removal symptoms. As the Seventh Circuit noted in the context of a Social Security disability appeal, "Common sense can mislead; lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990). The question of causation in this case is not within the common understanding and experience of a lay jury; expert testimony is required.

Plaintiff also offers what the court construes as an argument in the alternative. She seems to suggest that if experts are required, she has them. In support, she highlights that she disclosed two experts and that "Defendants did not object" to them. There is more to the story though. Pursuant to the Case Management Plan, Plaintiff was required

3

to disclose expert witnesses and serve expert reports on or before November 18, 2016. She did not disclose any experts or serve any reports by that deadline. Rather, on November 28 (after Defendants moved for leave to file a summary judgment motion as to this one issue), Plaintiff filed an expert witness list, disclosing the names and contact information of two individuals–Dr. Veeren B. Chithriki and Dr. Kayur V. Patel. She did not serve any expert reports though. In her brief, Plaintiff fails to offer any substantive information about the opinions Drs. Chithriki and Patel will provide. It is therefore unclear how these experts are relevant to the Defendants' motion.

Plaintiff had the burden to retain an expert under Indiana law, but she failed to do that. That failure dooms her claim. *See Goodman v. NSA, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010) ("We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence she contends will prove her case.") (citations omitted). *See also Myers v. Briggs & Stratton Corp.*, No. 1:09-cv-0020-SEB-TAB, 2010 U.S. Dist. LEXIS 38099, at *19 (S.D. Ind. Apr. 16, 2010) (granting summary judgment on the plaintiff's IPLA claims because he did "not have required expert testimony on the essential element of proximate causation").

Therefore, Defendants' Motion for Summary Judgment (Filing No. 58) is **GRANTED**.

**SO ORDERED** this 11th day of April 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.